[L. A. No. 12846. In Bank.—December 23, 1932.]

FELIX HARRIS et al., Respondents, v. B. F. THOMPSON, Appellant.

Leonard S. Barnes for Appellant.

Thomas W. Cochran for Respondents.

TYLER, J., *pro tem.*—Suit in equity to declare a trust in a certain award and judgment procured in a condemnation proceeding for the widening of a street. The action was tried upon the pleadings and a stipulated set of facts restated in effect in the findings of fact of the trial court. They show in substance that on April 25, 1927, a condemnation suit was filed by the City of Los Angeles for the widening of Manchester Avenue. Defendants B. F. Thompson and Frank Alvarez were joined in said suit as owners of leasehold interests in property affected thereby. At the time the condemnation suit was filed, a setback ordinance was in effect, restricting the use of twenty feet of defendant Thompson's leasehold interest in an oil station located along Manchester Avenue. On January 25, 1928, duly appointed

referees ascertained that Thompson's lease would, by its terms, terminate on October 10, 1929. They also found the amount of rent he was paying, and further, that the market value of the lease was greater than the rent paid. They ascertained the market value of the property to be taken, and the severance damage to the remaining portion.

The award to Thompson as the owner of the leasehold was fixed at $1262, and the award to defendant Alvarez, also an owner of a leasehold, was fixed at $350. The award and judgment of the market value of the two leasehold interests was set as of the date the summons was filed. It fixed the bonus value of said leases up to October 10, 1929, the time of the expiration thereof. On January 26, 1929, an interlocutory judgment was docketed affirming the report of the referees. No appeal was taken therefrom and the judgment became final.

On October 11, 1929, the day after Thompson's lease expired, he surrendered possession, and the respondents took a lease direct from the owner of the fee of all the lot except the twenty feet which had been condemned, and on which the setback ordinance had been in effect since April 25, 1927, approximately two and one-half years.

On December 27, 1929, within one month of the year's time allowed to the city to pay over the money to defendants, the former lessees, under the provisions of section 1251 of the Code of Civil Procedure, the plaintiffs filed this suit in equity, claiming the money to be derived from the judgment in the condemnation suit. The suit was based upon the theory that as defendants had suffered no injury, they were not entitled to the award.

The trial court found that defendants had sustained no injury, as they were never disturbed during the period of their leases; that as no property was taken from either of them during the enjoyment thereof, they had no right, title or interest in the awards, and that as plaintiffs, as successors to the leases, would suffer injury, they were entitled to a judgment; that a trust be declared in said awards, and that they belonged to and were the property of plaintiffs. Accordingly it was decreed that the City of Los Angeles pay said awards to plaintiffs instead of to defendants.

In support of the judgment, respondents rely on the case of *Los Angeles County Flood Control District* v. *Andrews,*

52 Cal. App. 788 [205 Pac. 1085]. This case in substance holds that the public cannot be required to pay for a leasehold interest not taken, which the lessee holds unmolested to the end of his term. Assuming this principle to be true, it in no manner supports the judgment. The right to the award is a matter between the City of Los Angeles and the owners of the property condemned, and their rights are not here involved. Respondents had no interest in the property at the time it was taken, nor were they in privity with appellant. Their lease did not include the condemned portion of the premises, and it was acquired, not from appellant, but from the owner of the fee. It came into existence over eight months after the lease that was compensated for had expired, and their leasehold is still intact and has never been molested. Nor are they under any obligation to remove any of the improvements. Respondents own no property that was condemned, and have everything they acquired under their lease from the owner of the fee. They took the property as they found it, and were mere tenants at sufferance in the condemned property. Under these circumstances respondents never could have, nor did they, acquire any right, title or interest in or to the award and judgment made to Thompson and Alvarez, and the judgment that they did finds no support in the evidence. Whatever rights appellant may or may not have to the award, certain it is that respondents have none, as no property they owned or had any interest in was ever affected by the condemnation proceedings; nor are they in privity with anyone who had any interest.

The judgment is reversed.

Waste, C. J., Curtis, J., Langdon, J., Preston, J., Shenk, J., and Seawell, J., concurred.